RENDERED:  JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0150-MR

RICO CAVANAUGH                                                    APPELLANT


v.
APPEAL FROM TRIGG CIRCUIT COURT
HONORABLE JAMES R. REDD, III, JUDGE
ACTION NO. 19-CR-00057


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND L. JONES, JUDGES.

EASTON, JUDGE:  This is an appeal from an Order of the Trigg Circuit Court

denying a motion by Appellant Rico Cavanaugh (Cavanaugh) to vacate his final

judgment and sentence of imprisonment pursuant to RCr[1] 11.42 and RCr 10.26.  A

jury found Cavanaugh guilty of Assault in the First Degree[2] and being a Persistent

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Revised Statutes (KRS) 508.010.

Felony Offender in the First Degree (PFO1).[3]  After a thorough review of the

record and applicable law, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Rico Cavanaugh was indicted for Assault in the First Degree and

PFO1.[4]  Following a jury trial in August 2021, he was convicted on both counts

and sentenced to 34 years in prison.  Cavanaugh filed an appeal, and the Supreme

Court of Kentucky upheld his conviction.  In its decision, the Court succinctly set

forth the facts underlying the case:

> On June 8, 2019, Cavanaugh and his wife, Missy
> Cain, went to his mother's house and waited for her to
> return home.  Upon her arrival they planned to visit
> Cavanaugh's cousin who had recently lost a son.  Missy
> and Cavanaugh waited for his mother in the back
> bedroom of his mother's house watching television,
> while Missy scrolled through Facebook on her cellphone.
>
> Unexpectedly, Cavanaugh rolled on top of her and
> started choking her.  He released her and then got up and
> asked her if she wanted to go outside and smoke.  Missy
> followed him into the kitchen where he picked up a knife
> and locked the door.  He turned around and accused her
> of cheating on him.  Despite her fervent denials,
> Cavanaugh said "There is no other way, Missy.  And
> there's no sense in screaming because can't nobody hear
> you."
>
> Missy stood there in the kitchen while Cavanaugh
> stabbed her twenty-six times.  He pierced every major

---

[3] KRS 532.080(3).

[4] Trial Record (TR) at 2.

organ with the exception of her heart. After he finished stabbing her, he repeatedly punched the left side of her body breaking eight of her ribs. He told her to "Go over and lay in front of the washer and dryer and bleed to death, bitch." As she lay on the floor bleeding, she begged him to call 911. Cavanaugh eventually relented and called.

When the police arrived, Cavanaugh admitted to stabbing Missy. The police arrested him and charged him with assault in the first degree.[5]

Cavanaugh filed a Motion to Vacate Judgment pursuant to RCr 11.42 and RCr 10.26,[6] alleging four issues to support his contention that trial counsel was ineffective. The first two claims allege ineffective assistance of counsel (IAC) for trial counsel's handling of the denial of a jury instruction for Assault under Extreme Emotional Disturbance (EED).

Cavanaugh repeats the same arguments based on the lack of an EED instruction as argued on his direct appeal before the Kentucky Supreme Court. But he claims now that trial counsel's failure to object to the denial of the instruction, and failure to request a mistrial, thereafter, amounts to IAC. Although both appeals concern the EED instruction, the IAC claim alleged against trial counsel

_____

[5] TR at 166-67; *see also Cavanaugh v. Commonwealth*, 671 S.W.3d 17, 19-20 (Ky. 2022).

[6] RCr 10.26 allows palpable error review on a motion for new trial. Except for claims of newly discovered evidence, such a motion must be filed within five days after the verdict is returned. RCr 10.06(1). Even if we disregard the untimeliness of the motion, we find no palpable error resulting in a manifest injustice.

could be considered collateral to Cavanaugh's prior direct appeal, and so we will address it pursuant to *Leonard v. Commonwealth*, 279 S.W.3d 151, 157 (Ky. 2009).

The third claim alleges IAC for failure to properly investigate the case, although the only factual support for this claim is that trial counsel told Cavanaugh the day before trial that he would be up all night preparing. The fourth claim alleges counsel's ineffective assistance had a cumulative effect requiring his convictions and sentence be set aside.

In addition to the Motion to Vacate Judgment, Cavanaugh filed a request for an evidentiary hearing and appointment of counsel for the RCr 11.42 claims. By Order entered on November 19, 2024, the circuit court denied all motions without a hearing. Cavanaugh then filed a timely *pro se* Notice of Appeal. He also sent a letter to the Department of Public Advocacy (DPA) detailing the events of the assault and reasons why he believed he was entitled to an EED instruction.

The DPA filed an Entry of Appearance with an accompanying Motion to Withdraw and request to allow Cavanaugh to file a *pro se* brief. Cavanaugh opposed the motion. As support for the motion, DPA argued that Cavanaugh had no further right to be represented by counsel under the provisions of the Public Advocacy Statutes because the DPA had reviewed the record and determined that

this "post-conviction proceeding . . . is not a proceeding that a reasonable person with adequate means would be willing to bring at his . . . own expense." KRS 31.110(2)(c). This Court granted the DPA's motion to withdraw.

Cavanaugh argues before this Court that the withdrawal of counsel in this appeal further subjects him to ineffective assistance of counsel. The Sixth Amendment right to counsel does not attach to post-conviction proceedings. *Bowling v. Commonwealth*, 981 S.W.2d 545, 552 (Ky. 1998) (citations omitted). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Id.* Cavanaugh cannot claim IAC due to the DPA withdrawal, especially since this Court permitted that withdrawal based on the reasonable assessment by the DPA that the appeal lacked merit. As this opinion further shows, this appeal is meritless.

Cavanaugh and the Commonwealth filed their respective appellate briefs. Cavanaugh later attempted to file a Reply brief out of time. This court received and returned the document by Notice of Late Filing with instruction that the document could be re-submitted with a Motion for Additional Time to File. No such motion was tendered.

Again, to summarize, Cavanaugh challenges the circuit court order denying his Motion to Vacate Judgment on four grounds: trial counsel's failure to object to the denial of the EED instruction; trial counsel's failure to request a

-5-

mistrial based on the denial of the EED instruction; trial counsel's failure to conduct a proper investigation; and cumulative effect. In addition, Cavanaugh challenges the circuit court's denial of his request for an evidentiary hearing, denial of his request for appointment of counsel, and denial of the Motion to Vacate Judgment prior to the filing of his Reply to the Commonwealth's Response.

## STANDARD OF REVIEW

We review a trial court's decision concerning ineffective assistance of counsel under RCr 11.42 for abuse of discretion. *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

When determining whether an evidentiary hearing is warranted under a RCr 11.42 motion, a trial court must consider "whether the allegations . . . can be resolved on the face of the record," or if "there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record. The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." *Jackson*, 567 S.W.3d at 619 (citing *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001)) (citations omitted). The standard under *Fraser* provides that the trial court is not free to simply disbelieve the facts as alleged and must, instead, take the

-6-

allegations in a post-conviction petition as true, unless they are conclusively refuted by the record. *Id.* When the allegations are not clearly refuted by the record, the movant is entitled to an opportunity to create a record through an evidentiary hearing with the assistance of counsel – appointed, if needed. *Fraser*, 59 S.W.3d at 453.

If the trial court denied an evidentiary hearing, then our review is restricted to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

## ANALYSIS

**The circuit court did not abuse its discretion when it denied the Motion to Vacate Judgment for trial counsel's failure to object or request a mistrial following the circuit court's denial of an EED instruction**.

Cavanaugh continues to argue that Missy's refusal to show him the identity of the friend she was messaging on Facebook caused him to suspect she was having an affair, which was a "triggering event" resulting in the assault. Cavanaugh argues EED was his only defense, and he should have been able to present rebuttal as to why he was entitled to that instruction. "Had [t]rial [c]ounsel objected to the Judge's denial of the [EED instruction], this issue could have been

argued as to the need for the instruction and would have been preserved for

Appellate review."[7]

The Kentucky Supreme Court has defined extreme emotional

disturbance as:

> A temporary state of mind so enraged, inflamed, or disturbed as to overcome one's judgment, and to cause one to act uncontrollably from the impelling force of the extreme emotional disturbance rather than from evil or malicious purposes. It is not a mental disease in itself, and an enraged, inflamed, or disturbed emotional state does not constitute an extreme emotional disturbance unless there is a reasonable explanation or excuse therefor, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under circumstances as defendant believed them to be.

*McClellan v. Commonwealth*, 715 S.W.2d 464, 468-69 (Ky. 1986).

Cavanaugh's EED defense was addressed thoroughly by the Kentucky

Supreme Court. In affirming the conviction and the circuit court's decision to

deny an EED instruction, the Kentucky Supreme Court reasoned that Cavanaugh

failed to provide a sufficient factual basis to support it. The Court noted that

Cavanaugh did not testify. As a result, the evidence of an alleged affair is

speculative at best. "Nothing in the record suggests there actually was an affair,

how he learned of the affair, and how long was he aware of Missy's purported

---

[7] Appellant's brief at p. 4.

affair."[8]  The Court determined the trial court was well within its discretion to refuse the EED instruction without a sufficient factual basis and emphasized that "EED should not be used as a cudgel to defame the victim while simultaneously hoping to diminish one's culpability at trial."[9]

A triggering event must have a "reasonable explanation or excuse therefore."  While a defendant's viewpoint is considered, this does not mean that whatever the defendant says he thinks is happening can be a triggering event.  At no point does Cavanaugh offer anything other than that Missy was on Facebook. To say that this justifies an attack based on adultery is way off base.

Cavanaugh does not claim trial counsel failed to gather evidence of the triggering event, or even failed to seek an EED instruction.  He also does not allege any omitted or additional evidence of the purported affair.  Rather, he argues that trial counsel did not object loud enough, or fight hard enough, to prevail.  We disagree.

Trial counsel did in fact request an EED instruction, but there was simply not enough evidence to support it.  Any further action by trial counsel would have been a waste of time if not improper.  Trial counsel must have a good faith basis upon which to object to a ruling of the court, or upon which to request a

---

[8] TR at 174.

[9] *Id.*

mistrial. When motions are made without a good faith basis, counsel may be subject to sanction for frivolous conduct. *See Walker v. Commonwealth*, 714 S.W.2d 155 (Ky. 1986); CR[10] 11.

It is not ineffective assistance of counsel to fail to object or to request a mistrial after the denial of a requested jury instruction where there is an insufficient factual basis to support the instruction. Therefore, the circuit court did not abuse its discretion when it denied the Motion to Vacate Judgment on these grounds.

**The circuit court did not abuse its discretion in denying the RCr. 11.42 motion based on counsel's investigation.**

Cavanaugh argues that trial counsel's performance fell below the normal standards of performance when he failed to conduct a proper investigation, which led to trial counsel not being prepared to provide effective assistance of counsel. Cavanaugh asserts that if trial counsel had conducted a proper investigation, he could have established a "theory of the case" and been prepared to fully represent him and protect his rights. As support for this claim, Cavanaugh relies on a phone conversation wherein trial counsel told Cavanaugh he would be up all night preparing for trial. Cavanaugh does not offer specifics of what a further investigation would have discovered.

---

[10] Kentucky Rules of Civil Procedure.

A criminal defendant alleging ineffective assistance of counsel has an extremely heavy burden to satisfy. A defendant must show both deficient performance by counsel and that it was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Review of counsel's performance is highly deferential. *Id*. Counsel's action is strongly presumed to have been within the wide range of reasonable, professional assistance. *Id*. Counsel's action is also presumed to be a part of sound trial strategy. *Id*. The totality of the evidence in the case must also be considered. *Id*. at 695. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id*. at 691. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In denying the Motion to Vacate Judgment on IAC grounds, the circuit court made exhaustive findings to support its decision.[11] Based on review of the record and observation of the jury trial, the circuit court found that trial counsel was professional, knowledgeable in all stages of the proceedings, made appropriate arguments, and posed knowledgeable questions to the witnesses. During *voir dire*, trial counsel engaged in a lengthy conversation about the burden of proof. He ferreted out a juror who could not go along with the lack of any

---

[11] TR at 249.

inference of guilt from an exercise of the right of silence, and another who was more inclined to believe the police than anyone else.

In his opening statement, Cavanaugh's counsel urged the jury to be analytical as opposed to emotional. He submitted Cavanaugh "snapped" and afterwards did not want the victim to die and had remorse. Trial counsel objected to the victim being present in the courtroom despite separation of witnesses under Marsy's Law and brought out that Cavanaugh was cooperative with police and had called the ambulance. Trial counsel elicited testimony that Cavanaugh instructed the ambulance to hurry and made sure they got the address correct.

During cross, trial counsel showed "tremendous preparation and command of the facts." He was able to show a video that had not earlier been admitted bringing out facts the victim could not remember at trial. He brought out that Cavanaugh accused the victim of cheating (despite no real evidence of this), that he told her he was sorry and loved her during the altercation.

Trial counsel argued for a directed verdict. In closing, he focused on the need for the act to be intentional as opposed to the defendant just "snapping." He reminded the jury of the short time span involved. In the sentencing phase, he was most effective. He called witnesses in mitigation that testified Cavanaugh was a good father and grandfather. One witness asked the jury not to give Cavanaugh a life sentence.

The circuit court noted that, instead of life, the jury sentenced Cavanaugh to 34 years even though he was a PFO1 offender with an extensive criminal record, and that "[a]ctually, the outcome was pretty good, considering [Cavanaugh] was facing life."[12]

The circuit court rejected the claim that trial counsel was not prepared based on counsel telling Cavanaugh he would "be up all night preparing," reasoning that "The reality is there has probably never been a trial attorney who did not say that the night before trial!"[13]

The statement by trial counsel that he would be up all night preparing, coupled with the circuit court's detailed review of trial counsel's performance, supports the circuit court's denial of the Motion to Vacate Judgment. Cavanaugh has failed to make a showing of deficient performance or prejudice, as required by *Strickland*, and the circuit court decision is reasonable, fair, and supported by sound legal principles.

Having found no evidence of ineffective assistance of counsel, Cavanaugh's argument regarding cumulative effect is moot.

---

[12] TR at 250.

[13] *Id.*

**The trial court did not abuse its discretion in denying an evidentiary hearing on the RCr 11.42 motion**.

Cavanaugh argues that trial counsel refused to start the investigation and preparation for trial until the day before trial, and that this fact was confirmed by his phone conversation. Cavanaugh insists an evidentiary hearing is required to "refute the record" and prove trial counsel's statement to him. The circuit court denied an evidentiary hearing, finding "[t]he motion on its face states no grounds that are not conclusively refuted by the record."[14] The circuit court was correct.

An evidentiary hearing is required where there is a material issue of fact that cannot be conclusively resolved, *i.e.,* conclusively proved or disproved, by an examination of the record. *Fraser*, 59 S.W.3d at 452 (citations omitted). Here, there was no such material issue of fact.

The circuit court fully addressed the statement as true but rejected it as grounds to support the IAC claim. As indicated above, the circuit court reasoned that many trial attorneys prepare all night prior to trial. An evidentiary hearing was therefore unwarranted because the circuit court did not refute the substance of this undisputed statement. The record also clearly illustrated that the attorney had done more than one night of preparation.

---

[14] TR at 251.

Cavanaugh's additional arguments, that the circuit court abused its discretion in denying the Motion to Vacate Judgment before he filed a Reply and in failing to appoint counsel, are without merit.  RCr 11.42 does not require permitting a reply.

## CONCLUSION

Finding no abuse of discretion, including no contestable fact warranting an evidentiary hearing, the decision of the Trigg Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rico Cavanaugh, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky